IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tammy D. L.,[1] | ) | C/A No.: 1:22-2527-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi, Acting | ) | ORDER |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the parties' consent motion[2] for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF No. 17]. On February 13, 2023, the court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and remanded the action for further administrative proceedings. [ECF No. 15]. On March 8, 2023, Plaintiff prematurely filed this motion[3] indicating the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Although the motion bears only Plaintiff's counsel's signature, he represents that he consulted with counsel for the Commissioner, who consented to the requested fee. [ECF No. 17 at 3]. The Commissioner filed no response disputing the motion prior to the March 22, 2023 deadline. Therefore, the court interprets the motion as a consent motion.

[3] The "EAJA requires prevailing parties seeking an award of fees to file with the court, '*within thirty days of final judgment in the action*,' an application for fees and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991) (emphasis in original) (citing 28 U.S.C. § 2412(d)(1)(B)). In *Melkonyan*, 501

parties' agreement to $3,847.40 in attorney fees. [ECF No. 17]. Because the Commissioner consents to the attorney fee, the court excuses the premature filing of the motion in the interest of judicial economy. Given the parties' agreement and Plaintiff's attorney's representations in the motion and in accordance with 28 U.S.C. § 2412(a) and § 2412(d), the court grants the motion and directs the Commissioner to pay Plaintiff $3,847.40. This payment shall constitute a complete release from and bar to any further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–97 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the

---

U.S. at 102, the Supreme Court clarified that for cases remanded pursuant to sentence four of 42 U.S.C. § 405(g), "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." For actions in which a United States agency is a party, Fed. R. App. P. 4(a)(1)(B) provides that a notice of appeal may be filed within 60 days after entry of the judgment. The judgment entered on February 13, 2023, was not final at the time Plaintiff filed the motion because the 60-day period for filing an appeal had not yet run.

court orders the EAJA fee be paid to Plaintiff through payment delivered to Plaintiff's counsel.[4]

IT IS SO ORDERED.

March 24, 2023                                  Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

---

[4] Counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.

3